```
-                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF TENNESSEE
                        NORTHEASTERN DIVISION
```

BYRON EVANS,                    )
                                )
    Plaintiff              )
                                )      No. 2:13-0106
v.                              )      Judge Sharp/Brown
                                )      **Jury Demand**
SMITH COUNTY SHERIFF'S          )
DEPARTMENT, *et al.*,           )
                                )
    Defendants             )

**TO:   THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

       Presently pending is the Defendants' motion to dismiss for lack of prosecution (Docket Entry 27), which is accompanied by a memorandum of law (Docket Entry 28). Although these motions were filed on May 22, 2014, the Plaintiff has failed to respond to the motion or to the Magistrate Judge's earlier order entered on May 1, 2014 (Docket Entry 24) directing the Plaintiff to either fully respond to the first set of interrogatories and requests for production on or before May 19, 2014, or to show cause why he failed to do so. The Plaintiff did not respond to this order.

       For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to prosecute and to obey Court orders.

### BACKGROUND

       The Plaintiff filed his complaint (Docket Entry 1) on October 16, 2013, *in forma pauperis*. He alleged that his civil rights were violated while he was an inmate at the Smith County Jail

in Carthage, Tennessee. At the time he filed his lawsuit he was an inmate of the Putnam County Jail in Cookeville, Tennessee.

The Plaintiff's complaint was reviewed by Judge Sharp and on October 22, 2013 (Docket Entry 4) he was allowed to proceed *in forma pauper* on his claims against four employees of the Smith County Sheriff's Department. The Sheriff's Department, as such, was dismissed as a defendant. His claims against the individual Defendants were that guards pushed him, failed to regularly check his blood sugar level, denied him grievance forms, allowed other inmates to see his grievance forms, and punished him without a due process hearing because of his race (Docket Entry 4, p. 2).

Following service of process and answers by the four Defendants, a scheduling order was entered in this case on December 10, 2013 (Docket Entry 19). All discovery was scheduled to be completed by June 10, 2014.

It appears that the Defendants undertook discovery by sending a first set of interrogatories and requests for production to the Plaintiff on January 28, 2014. In their motion to compel (Docket Entry 22) they allege that the Plaintiff failed to respond in any way to their discovery requests. In response to this motion the Magistrate Judge directed the Plaintiff to either fully respond to the first set of interrogatories and requests for production on or before May 19, 2014, or to show cause why he failed to do so. He was specifically warned that under Federal Rule of Civil Procedure 41, failure to respond to Court orders, which include the scheduling order in this matter (Docket Entry 19), as well as that order could

2

result in his case being dismissed with prejudice (Docket Entry 24). The record shows that the order was received at the address the Plaintiff provided in Carthage, Tennessee (Docket Entries 8 and 26).

**LEGAL DISCUSSION**

The Plaintiff has been receiving certified mail at the address he provided for the various orders referred to in this case (Docket Entries 21 and 26). It is now almost a month since the May 19, 2014, deadline in which the Plaintiff was directed to either comply with the discovery requests or to show cause why he had failed to do so. The Plaintiff has given no response whatever. Likewise, the Plaintiff has failed to respond to the motion to dismiss for the lack of prosecution.

A dismissal for failure to obey Court orders under Federal Rules of Civil Procedure 41(b), either with or without prejudice, is a drastic remedy and before the Court contemplates dismissing an action under Rule 41(b) the Court must specifically consider:

(1)  whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2)  whether the adversary was prejudiced by the dilatory conduct of the party;

(3)  whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4)  whether the less drastic sanctions were imposed or considered before dismissal was granted.

*Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

In this case the Plaintiff was provided the scheduling order, which provided that all discovery would be completed by June 10, 2014 (Docket Entry 19, p. 2). When the Defendants complained that the Plaintiff had not responded in a timely fashion as required by the Federal Rules and the scheduling order, the Magistrate Judge entered an order directing the Plaintiff to either complete discovery or to show cause why he could not by a date certain. This order further warned the Plaintiff of the risk of dismissal with prejudice if he failed to comply. The Plaintiff has failed to comply.

It appears that the Plaintiff has been receiving certified mail and regular mail at the address he provided. The Plaintiff received the scheduling order as well as the Court's show cause order, and the latest motion to dismiss. His failure to respond can only be characterized as willful.

The Defendants are clearly prejudiced by not being able to complete discovery within the time allotted. The Plaintiff has not responded to interrogatories or requests for production. This clearly hampers the Defendants, as they point out in their motion, to defend this case. The Plaintiff, in the Magistrate Judge's show cause order, was specifically warned that failure to cooperate could lead to dismissal, and the Plaintiff was given the option of either providing the discovery or showing cause why he could not. He failed to respond to this order. Given the failure to respond, the Magistrate Judge is left with no real sanction except that of recommending dismissal.

**RECOMMENDATION**

While the Magistrate Judge believes that dismissal with prejudice could be appropriate in this matter, nevertheless, the Magistrate Judge will recommend the lesser sanction of dismissal without prejudice.[1] The Magistrate Judge further recommends that any appeal from a dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 17th day of June, 2014.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

---

[1] Even though the dismissal is without prejudice the Tennessee one year statute of limitations that is applied to 1983 cases may bar a refiling of the litigation.